FILED

OCT 2 5 2023

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| | ) | |
| GARY WILDS, | ) | **4:23CR00595-RLW/SRW** |
| MEGAN LEONE, | ) | |
| MICHELLE BOYER, AND | ) | |
| ASHLYN GRAEFF, | ) | |
| | ) | |
| Defendants. | ) | |

**INDICTMENT**

The Grand Jury charges:

**COUNT 1**

(Conspiracy to Commit Mail Fraud and Wire Fraud)

**A.   Introduction**

1.     The State of Missouri Department of Revenue ("DOR") is tasked with ensuring that motor

vehicles belonging to Missouri residents are properly titled. When residents of the City of St. Louis,

St. Louis County, and Jefferson County seek to register their vehicles, the DOR requires them to

submit paid personal property tax receipts, proof of insurance, and a vehicle emissions report. If the

1

vehicle is more than 10 years old, the owner must present evidence that the vehicle has passed a safety inspection.

2.      Prior to July 1, 2022, residents of Franklin County, Missouri were also required to submit evidence that their vehicles passed emissions tests.

3.      Through the emissions inspection certificates required by the DOR, the State of Missouri demonstrates its compliance with air quality regulations of the United States Environmental Protection Agency ("EPA").

4.      Vehicles may be registered in Missouri by the owners or individuals designated by the owners ("authorized agents") to conduct the transactions on their behalf. Authorized agents may charge the owners for their services.

5.      The DOR grants a tax exemption for Missouri businesses seeking to register trucks weighing more than 24,000 pounds or trailers that are used in the normal course of business to transport people or haul property on public highways. These businesses are considered to be common carriers, and must have United States Department of Transportation ("USDOT") or Motor Carrier ("MC") numbers assigned by the federal government.

6.      Businesses seeking a common carrier tax exemption must execute DOR Form 5095 styled, "Sales Tax Exemption Statement for Authorized Common Carriers" and submit it to the DOR. In addition to identifying the basis for their qualification for the exemption and their USDOT number

2

or MC number, the applicant or their authorized agent must certify under penalties of perjury that the information they provided on the form is true, correct, and complete.

7.     The DOR Motor Vehicle Driver License Division uses independent contractors to operate license offices throughout the Eastern District of Missouri. Employees of the contract facilities must follow all the regulations of the DOR when assisting the public in registering motor vehicles. The regulations require that employees review all documents submitted to ensure that they are accurate and complete before they electronically transmit the information to the DOR. The servers used by the DOR to communicate with the contract facilities are located outside the State of Missouri.

8.     The contract facilities' employees collect registration fees and sales taxes from the applicants or their agents. Upon completion of each motor vehicle transaction, the employee provides the owner or their authorized agent with an original motor vehicle title receipt. The receipt identifies the owner and vehicle information, the fees assessed information, the amount paid, and, for a new registration, the address the DOR will mail the new motor vehicle title.

9.     For a fee and in exchange for unidentified favors, defendant Gary Wilds assisted Missouri residents in obtaining motor vehicle registrations and renewals through contract offices of the DOR located in St. Louis County and St. Charles County.

10.    Michelle Boyer and Megan Leone were employed by a motor vehicle contract office located in St. Charles County, Missouri.

11.   At various times, Michelle Boyer was employed by contract facilities and DOR licensing offices located in the Missouri counties of St. Louis, Warren, St. Charles, and Cole.

12.   Defendant Gary Wilds used money transmitting services such as Cash App, Venmo, and PayPal. The servers of the money transmitting services are located outside the State of Missouri.

**B.   Conspiracy**

13.   Between on or about March 21, 2014, and continuing to on or about October 30, 2022, within the Eastern District of Missouri and elsewhere, the defendants,

**GARY WILDS,**
**MEGAN LEONE,**
**MICHELLE BOYER, AND**
**ASHLYN GRAEFF,**

and others known and unknown to the Grand Jury, did voluntarily and intentionally combine, conspire, confederate and agree with each other, to devise and intend to devise a scheme and artifice, to defraud the DOR and motor vehicle owners through use of the mails, in violation of Title 18, United States Code, Section 1341, and interstate wire communications, in violation of Title 18, United States Code, Section 1343.

**C.**   **Manner and Means**

The ways, manner and means by which the foregoing objective of the conspiracy to commit mail fraud and wire fraud were to be accomplished included, but were not limited to, the following:

14.   The primary purpose of the conspiracy was for defendant **GARY WILDS, MEGAN LEONE, MICHELLE BOYER, ASHLYN GRAEFF,** and persons known and unknown to the Grand Jury, to defraud the DOR by inducing them to accept fraudulent representations and forged documents in registering vehicles for motor vehicle owners.

15.   It was further part of the conspiracy that defendant **GARY WILDS** fraudulently obtained USDOT and MC numbers of businesses operating in Missouri as well as verification letters provided to the businesses by the federal government of their assigned USDOT numbers.

16.   It was further part of the conspiracy that defendant **GARY WILDS** solicited **MEGAN LEONE, MICHELLE BOYER, AND ASHLYN GRAEFF** to fraudulently register motor vehicles on his behalf and on behalf of others in exchange for a payment of up to $100 for each transaction processed.

17.   It was further part of the conspiracy that defendant **GARY WILDS** advised motor vehicle owners the amount the DOR would assess to register their vehicles.

18.   It was further part of the conspiracy that defendant **GARY WILDS** collected the assessed fees from the motor vehicle owners and a nominal fee for his service.

19.   It was further part of the conspiracy that defendant **GARY WILDS** provided **MICHELLE BOYER, MEGAN LEONE, and ASHLYN GRAEFF** with the names and addresses of his customers, motor vehicle title numbers, license plate tag numbers, and vehicle identification numbers.

20.   It was further part of the conspiracy that, in fraudulently registering motor vehicles on behalf of defendant **GARY WILDS, MICHELLE BOYER, MEGAN LEONE, and ASHLYN GRAEFF** entered information into the DOR database falsely representing that they had verified emissions inspections, safety inspections, the payment of personal property taxes, and proof of insurance.

21.   It was further part of the conspiracy that, unbeknownst to owners of trucks and trailers, defendant **GARY WILDS, MICHELLE BOYER, MEGAN LEONE,** and **ASHLYN GRAEFF** submitted to the DOR forged and fraudulent DOR Forms 5095 styled, "Sales Tax Exemption Statement for Authorized Common Carriers," and fraudulently obtained USDOT letters as if the trucks and trailers were being used in the normal course of business to transport people and haul property.

22.   It was further part of the conspiracy that, pursuant to the fraudulent execution of Form 5095, defendant **GARY WILDS** retained the funds provided by the motor vehicle owners as payment for the motor vehicle sales taxes that were to be assessed by the DOR.

23.   It was further part of the conspiracy that, accepting the representations of **GARY WILDS,**
**MICHELLE BOYER, MEGAN LEONE,** and **ASHLYN GRAEFF**, the DOR, located in
Jefferson City, Missouri, issued motor vehicle titles and mailed them to the registered owners at the
designated addresses.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2 THROUGH 15

(Wire Fraud)

24.   The allegations set forth above are re-alleged and incorporated by reference as if fully set
out herein.

25.   Between on or about March 21, 2014 and continuing to on or about October 30, 2022,
Defendant **GARY WILDS**, acting with others known and unknown to the Grand Jury, devised and
intended to devise a scheme and artifice to obtain money and property by means of materially false
statements and representations, to wit, by recruiting defendants **MICHELLE BOYER, MEGAN**
**LEONE, AND ASHLYN GRAEFF**, employees of contract Missouri motor vehicle licensing
facilities to make, and cause to be made, fraudulent representations to the Missouri Department of
Revenue in order to obtain motor vehicle registrations and renewals for residents of the Eastern
District of Missouri, and, for the purpose of executing the above-described scheme to defraud, did
transmit and cause to be transmitted the following interstate wire communications:

7

| COUNT | DEFENDANTS | DATE | TRANSMISSION | OWNER |
|---|---|---|---|---|
| 2 | Gary Wilds<br>Michelle Boyer | 11/7/2018 | DOR Form 5095 | A.S. |
| 3 | Gary Wilds<br>Michelle Boyer | 11/20/2018 | DOR Form 5095 | J.B. (1) |
| 4 | Gary Wilds<br>Michelle Boyer | 3/14/2019 | DOR Form 5095 | J.P. |
| 5 | Gary Wilds<br>Michelle Boyer | 4/16/2019 | DOR Form 5095 | A.S. |
| 6 | Gary Wilds<br>Michelle Boyer | 7/23/2019 | DOR Form 5095 | A.W. |
| 7 | Gary Wilds<br>Megan Leone | 1/24/2019 | Verification of Property Tax Payment and Emissions Inspection Exemption | J.O. |
| 8 | Gary Wilds<br>Megan Leone | 1/24/2019 | Notarized Counterfeit Bill of Sale, Emissions Inspection Exemption, and Verification of Safety Inspection and Property Tax Payment | S.S. |
| 9 | Gary Wilds<br>Megan Leone | 2/19/2019 | Verification of Property Tax Payment | S.S |
| 10 | Gary Wilds<br>Megan Leone | 5/10/2019 | DOR Form 5095 | W.B. |

8

| COUNT | DEFENDANTS | DATE | TRANSMISSION | OWNER |
|-------|-----------|------|--------------|-------|
| 11 | Gary Wilds<br>Ashlyn Graeff | 3/23/2021 | DOR Form 5095 | J.B. (2) |
| 12 | Gary Wilds<br>Ashlyn Graeff | 4/22/2022 | DOR Form 5095 | B.T. |
| 13 | Gary Wilds<br>Ashlyn Graeff | 5/18/2022 | DOR Form 5095 | T.B. |
| 14 | Gary Wilds<br>Ashlyn Graeff | 9/13/2022 | DOR Form 5095 | J.L. |
| 15 | Gary Wilds<br>Ashlyn Graeff | 10/18/2022 | DOR Form 5095 | M.W. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 16 THROUGH 23

(Wire Fraud)

26. The allegations set forth above are re-alleged and incorporated by reference as if fully set out herein.

27. Between on or about January 4, 2018, and continuing to on or about October 30, 2022, Defendant **GARY WILDS**, acting with others known and unknown to the Grand Jury, devised and intended to devise a scheme and artifice to obtain money and property by means of materially false statements and representations, did make and cause to be fraudulent representations to the Missouri

9

Department of Revenue in order to obtain motor vehicle registrations and renewals for residents of the State of Missouri, and, for the purpose of executing the above-described scheme to defraud, did transmit and cause to be transmitted payment for motor vehicle licenses and renewals and as payment to employees of the contract facilities he recruited by and through the following interstate wire communications:

| COUNT | SENDER | DATE | TRANSMISSION | RECIPIENT |
|-------|--------|------|--------------|-----------|
| 16 | Gary Wilds | 8/1/2020 | $100 Venmo Payment | Ashlyn Graeff |
| 17 | Gary Wilds | 10/3/2020 | $200 Venmo Payment | Ashlyn Graeff |
| 18 | Gary Wilds | 5/22/2021 | $70 Venmo payment | Ashlyn Graeff |
| 19 | Gary Wilds | 5/26/2021 | $100 Venmo payment | Ashlyn Graeff |
| 20 | Gary Wilds | 610/2021 | $100 Venmo payment | Ashlyn Graeff |
| 21 | Gary Wilds | 1/11/2022 | $400 Venmo payment | Ashlyn Graeff |
| 22 | J.L. | 9/13/2022 | $1,350 Venmo Payment | Gary Wilds |
| 23 | Gary Wilds | 9/16/2022 | $300 Venmo Payment | Ashlyn Graeff |

All in violation of Title 18, United States Code, Sections 1343 and 2.

10

## COUNTS 24 THROUGH 27

(Aggravated Identity Theft)

28.    The allegations set forth above are re-alleged and incorporated by reference as if fully set out herein.

29.    On or about the dates listed below, in the Eastern District of Missouri, the defendant,

### GARY WILDS,

did knowingly possess and use, without lawful authority, the means of identification of another person, to wit, the name of the person listed below, during and in relation to the commission of the felony offenses of mail fraud, Title 18, United States Code, Section 1341, and wire fraud, Title 18, United States Code, Section 1343:

| COUNT | DATE | FORGED DOCUMENT | IDENTITY |
|-------|------|-----------------|----------|
| 24 | 3/23/2021 | DOR Form 5095 Doing Business as Super Reliable Transportation | J.B. (2) |
| 25 | 4/22/2022 | DOR Form 5095 Doing Business as DCF Inc | B.T. |
| 26 | 9/13/2022 | DOR Form 5095 Doing Business as DCF Inc | J.L. |
| 27 | 10/18/2022 | DOR Form 5095 Doing Business as DCG Inc | M.W. |

All in violation of Title 18, United States Code, Section 1028A and 2.

11

## COUNT 28

(Making a False Statement)

30.   The allegations set forth above are re-alleged and incorporated by reference as if fully set out herein.

31.   On or about January 24, 2019, in the Eastern District of Missouri, the defendants,

**GARY WILDS AND MEGAN LEONE,**

did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the government of the United States, by falsely stating that the vehicle owned by J.O. was exempt from the State of Missouri's vehicle emissions test, because, as **GARY WILDS AND MEGAN LEONE**, then well knew, the vehicle was not exempt from the State of Missouri's vehicle emissions testing program as regulated by the United States Environmental Protection Agency.

In violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

12

## COUNT 29

(Making a False Statement)

32.   The allegations set forth above are re-alleged and incorporated by reference as if fully set out herein.

33.   On or about January 24, 2019, in the Eastern District of Missouri, the defendants,

**GARY WILDS AND MEGAN LEONE,**

did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the government of the United States, by falsely stating that the vehicle owned by S.S. was exempt from the State of Missouri's vehicle emissions test, because, as **GARY WILDS AND MEGAN LEONE**, then well knew, the vehicle was not exempt from the State of Missouri's vehicle emissions test as regulated by the United States Environmental Protection Agency.

In violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## COUNTS 30 THROUGH 33

(Making a False Statement)

34.   The allegations set forth above are re-alleged and incorporated by reference as if fully set out herein.

35.   On or about the dates set forth below, in the Eastern District of Missouri, the defendants,

### GARY WILDS AND ASHLYN GRAEFF,

did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the government of the United States, by falsifying information to the DOR regarding a vehicle's emission status in the manner set forth below in an attempt to evade the Clean Air regulations of the Missouri Department of Natural Resources and the United States Environmental Protection Agency:

| COUNT | DATE | OWNER | FALSE REPRESENTATION |
|---|---|---|---|
| 30 | 7/7/2021 | D.L.G.B. | VEHICLE PASSED EMISSIONS INSPECTION |
| 31 | 3/21/2022 | J.T. | VEHICLE WAS EXEMPT FROM EMISSIONS INSPECTION |
| 32 | 3/21/2022 | W.R. | VEHICLE WAS EXEMPT FROM EMISSIONS INSPECTION |
| 33 | 3/21/2022 | C.S. | VEHICLE WAS EXEMPT FROM EMISSIONS INSPECTION |

All in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

14

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.  Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Sections 1349 or 1343, or  as set forth in Counts 1 through 23, the defendants shall forfeit to the United States of America any property, real or personal, constituting or derived from proceeds traceable to said violation(s). Also subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said violations.

2.  If any of the property described above, as a result of any act or omission of the defendant(s):

> a.   cannot be located upon the exercise of due diligence;
>
> b.   has been transferred or sold to, or deposited with, a third party;
>
> c.   has been placed beyond the jurisdiction of the court;
>
> d.   has been substantially diminished in value; or
>
> e.   has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title

15

21, United States Code, Section 853(p).

                                             A TRUE BILL.


                                             _____
                                             FOREPERSON


SAYLER A. FLEMING
United States Attorney


_____
TRACY LYNN BERRY - 014753 TN
Assistant United States Attorney

16